**State of CALIFORNIA, ex rel., Louis H. MUELLER, Plaintiff,**

v.

**WALGREEN CORPORATION, Defendant.**

No. C 96–2589 SBA.

United States District Court, N.D. California.

May 27, 1997.

Patrick J. Coughlin, John J. Stoia, Jr., Milberg, Weiss, Bershad, Hynes & Lerach, L.L.P., San Diego, CA, for Plaintiff.

Robert P. Mallory, James Grant, McDermott, Will & Emery, Los Angeles, CA, for Defendant.

*ORDER GRANTING DEFENDANT'S MO-TION FOR JUDGMENT ON THE PLEADINGS AND GRANTING PLAINTIFF LEAVE TO AMEND*

ARMSTRONG, District Judge.

Plaintiff Louis Mueller brings this action against defendant, Walgreen Co. ("Wal-

green"),[1] alleging two causes of action under the California False Claims Act ("CFCA"), Cal. Gov't Code §§ 12650–55 (West 1996), and other state law claims. The parties are presently before the Court on defendant's Motion for Judgment on the Pleadings as to Plaintiff's First and Second Claims for Relief. Having read and considered the papers submitted in connection with this matter, and being fully informed, the Court GRANTS defendant's motion for judgment on the pleadings and GRANTS plaintiff's request for leave to amend his complaint.[2]

## BACKGROUND

Defendant Walgreen, an Illinois corporation, owns and operates a chain of retail stores, including numerous pharmacies. At the end of fiscal year in 1995, defendant operated and managed 131 retail pharmacies within the State of California. (Compl.¶¶ 11, 12.) Plaintiff Mueller is a citizen and resident of the State of Florida.

On February 23, 1996, plaintiff filed a complaint against defendant under seal in the San Francisco Superior Court pursuant to the CFCA, alleging four causes of action.[3] See Cal. Gov't Code § 12652(c) (West 1996). Plaintiff's first cause of action alleges that Walgreen violated § 12651(a)(1) of the CFCA by fraudulently submitting "false claims" for payment of prescription medications to Medi–Cal.[4] Specifically, plaintiff alleges that although defendant has consistently billed

Medi–Cal for the full cost of prescriptions, it has failed to reimburse Medi–Cal for those portions of "short-filled"[5] prescriptions which were returned to stock because they were not subsequently claimed by the customer. Plaintiff's second cause of action alleges that defendant violated § 12651(a)(2) of the CFCA by fraudulently submitting "false records" to Medi–Cal in conjunction with each "short-fill" prescription. The third and fourth causes of action are for payment under mistake of fact and unjust enrichment, respectively.

Pursuant to the CFCA, plaintiff submitted a copy of his complaint and a supporting statement to the California Attorney General. In or about early June 1996, following a review of the complaint and supporting statement, the California Attorney General declined to proceed with the action and authorized plaintiff to bring this suit on behalf of himself and the State of California. See Cal. Gov't Code § 12652(c)(4) (West 1996). Accordingly, the Superior Court unsealed the complaint for service on defendant. Id. at § 12652(c)(4)(B).

Defendant Walgreen was served with plaintiff's complaint on June 19, 1996. On July 19, 1996, defendant removed the action to this Court based on diversity jurisdiction. On February 10, 1997, defendant filed the instant motion for judgment on the pleadings as to plaintiff's first and second causes of action. Defendant argues that these causes

---

**1.** Defendant points out in its Answer that it has been erroneously sued as "Walgreen Corporation." Defendant's proper corporate name is "Walgreen Co.". (Answer at 1, 2.)

**2.** Pursuant to Civil Local Rule 7–1(b), the Court adjudicates the instant motion without oral argument.

**3.** Plaintiff is considered to be a *"qui tam"* plaintiff, authorized under the CFCA to bring this action on behalf of himself and the State of California because the Government has elected not to do so. See Cal. Gov't Code § 12652 (West 1996).

**4.** The term "Medi–Cal" refers to California's joint federal-state Medicaid program. In Califor-

nia, the program is administered by the Department of Health Services under the California Medical Assistance Program and is popularly referred to as "Medi–Cal." See Cal. Welf. & Inst. Code §§ 14000 *et seq.* (West 1996).

**5.** The term "short-fill" refers to plaintiff's allegation that when defendant has an inadequate supply of medication to fill a particular prescription, it has a policy of distributing only a portion of the prescription and then informing the customer that he or she may retrieve the remainder of the prescription at a later date. (*See* Compl. at 8–11, ¶¶ 42–57.) Plaintiff alleges that "short-filling" frequently occurs because defendant intentionally "maintain[s] limited product inventory at any retail store." (*See id.* at 8–9, ¶¶ 45–47.)

of action for fraud do not meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

## DISCUSSION

### A. *Legal Standard*

Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings "is appropriate when, even if all allegations in the complaint are true, the moving party is entitled to judgment as a matter of law." *Westlands Water Dist. v. Firebaugh Canal,* 10 F.3d 667, 670 (9th Cir.1993). For purposes of such a motion, "the allegations of the nonmoving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios v. Richard Feiner and Co.,* 883 F.2d 1429, 1436 (9th Cir.1989). In resolving a motion for judgment on the pleadings, the Court may not go beyond the face of the pleadings without converting the motion into one for summary judgment.[6] *Id.*

### B. *Plaintiff's Failure to Plead Fraud With Particularity*

#### 1. *Rule 9(b)'s Particularity requirement*

Defendant contends that it is entitled to judgment on the pleadings because plaintiff has failed to plead fraud with particularity as required under Federal Rule of Civil Procedure 9(b). Generally, a complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). However, Rule 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally.

■ Thus, a plaintiff alleging fraud must set forth the circumstances indicating the falseness of the statements, including the time, place, and content of the allegedly fraudulent representation or omission, as well as the identity of the person allegedly perpetrating fraud.[7] *In re GlenFed. Inc. Sec. Litig.,* 42 F.3d 1541, 1545 (9th Cir.1994). "Mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express,* 885 F.2d 531, 540 (9th Cir.1989). The failure to plead fraud with the requisite particularity is grounds for dismissal. *See Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1439 (9th Cir.1987).[8]

#### 2. *Application*

■ Defendant contends that plaintiff's complaint fails to meet Rule 9(b)'s particularity requirement because it fails to identify any *"specific false billing to Medi–Cal for any specific prescription at any specific store."* (Def.'s Reply at 7, 11. 14–15, emphasis in original.) The Court agrees.

Plaintiff's complaint sets forth in some detail the *nature* of Walgreen's allegedly fraudulent scheme of "short-filling" customers' prescriptions. (*See* Compl. at 8–11, ¶¶ 42–57). However, under Rule 9(b), a plaintiff

---

6. In adjudicating the instant motion, the Court does not consider the declarations of Patrick Coughlin, John Stoia, Jobeth Halper, and Gary Takacs, submitted by plaintiff in support of his opposition to defendant's motion. Therefore, the Court does not reach the issues raised in defendant's Evidentiary Objections to Declarations of Plaintiff's Counsel, filed March 18, 1997.

7. Plaintiff relies upon *Bernstein v. IDT Corp.,* 582 F.Supp. 1079 (D.Del.1984), for the proposition that he is not required in his complaint to "set forth the factual bases for his allegations." ( *See*

Pl.'s Opp'n at 15, 11. *16–19).* However, *Bernstein* does not support plaintiff's position. In *Bernstein,* the court held that while Rule 9(b) does not require a plaintiff to plead all facts pertaining to his claim, it does require a plaintiff to allege fraud with "sufficient factual specificity." *Id.* at 1085 (emphasis added).

8. A motion to dismiss a claim for failure to meet Rule 9(b)'s particularity requirement is governed by the same standards applicable to a Rule 12(b)(6) motion. *Wool,* 818 F.2d at 1439.

must specifically identify the *circumstances* (i.e., time, place, and participants) giving rise to the fraud to meet Rule 9(b)'s particularity requirement. For example, in *United States ex rel. McCoy v. California Medical Review, Inc.,* 723 F.Supp. 1363 (N.D.Cal.1989), the court denied defendants' motion to dismiss plaintiff's second amended *qui tam* complaint pursuant to Rule 9(b). In reaching this decision, Judge Patel held that plaintiff's allegations of fraud under the False Claims Act were stated with particularity under Rule 9(b) because they identified (1) the allegedly fraudulent documents; (2) the dates on which the documents were submitted by defendants to the government; and (3) the role of each defendant in the fraud. *Id.* at 1372.

In contrast to *McCoy,* plaintiff in the instant case fails to provide any *specific* examples of the time, place, or content of the allegedly fraudulent scheme. For instance, he fails to identify (1) any particular prescription which was "short-filled"; (2) any particular pharmacy or pharmacist engaging in the practice of "short-filling" prescriptions; or (3) any particular Walgreen customer who failed to obtain the remainder of a "short-fill" prescription, but who nonetheless received a Medi–Cal statement indicating that Walgreen had billed Medi–Cal for the full amount of the prescription. Instead, plaintiff relies entirely on the *general* allegation that during the period between 1993 and 1995, Walgreen engaged in fraudulent "short-filling" practices throughout California. This is not sufficient to meet Rule 9(b)'s particularity requirements.

Plaintiff's generalized allegations prevent defendant from being able to defend against the alleged misconduct. Without notice of the circumstances upon which plaintiff bases his claims for fraud, defendant is restricted in its Answer to setting forth general denials of wrongdoing. (*See* Answer at 5, ¶¶ 19–25.) This result is contrary to the purpose underlying Rule 9(b)'s particularity requirement. *See Semegen v. Weidner,* 780 F.2d 727, 730

(9th Cir.1985) (noting that Rule 9(b) is intended to "ensure[ ] that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong").

Thus, in the absence of an exception to Rule 9(b)'s particularity requirement, the generalized allegations set forth in plaintiff's complaint are not sufficient to withstand defendant's motion for judgment on the pleadings. *See generally Semegen,* 780 F.2d at 734–35.

### 3. Exceptions to Rule 9(b)'s Particularity Requirement

Plaintiff contends that he need not plead the specific circumstances of the time, place, and manner of defendant's alleged fraud because (1) he is alleging *corporate* fraud; and (2) he is a *qui tam* plaintiff. Plaintiff is mistaken in both instances.

Rule 9(b)'s particularity requirement is relaxed in instances of corporate fraud where the facts supporting the allegation of fraud are *exclusively* within the defendant's possession. *See Wool,* 818 F.2d at 1439; *Deutsch v. Flannery,* 823 F.2d 1361, 1366 (9th Cir.1987). In such cases, plaintiff's allegations may be based on information and belief. Id. However, even where allegations are based upon information and belief, a plaintiff still must: (1) specifically allege that the necessary information lies within the defendant's control; and (2) include a statement of the facts upon which plaintiff's information and belief is based. *See Moore,* 885 F.2d at 540; *Wool,* 818 F.2d at 1439.

In the instant case, plaintiff fails to meet either prong of this two-part test. First, plaintiff does not allege in his complaint that any of the necessary facts are exclusively within defendant Walgreen's control. Indeed, given the vast number of alleged "short-filled" prescriptions and subsequent billings to Medi–Cal, (*see* Compl. at 15–28), it may be difficult for plaintiff to make such an allegation. If the nature and scope of plaintiff's allegations are true, one would assume that numerous California Walgreen custom-

ers possess personal knowledge of Walgreen's alleged practice of "short-filling" prescriptions. Moreover, for each "short-filled" prescription, there should be corresponding Medi–Cal records evidencing an overcharge.

Moreover, even if plaintiff had alleged that information necessary to meet Rule 9(b)'s particularity requirements was in the exclusive control of the defendant, he still would not be excused from complying with the requirements of Rule 9(b). Nowhere in plaintiff's complaint does he set forth the factual basis for his information and belief that Walgreen is engaging in the allegedly fraudulent scheme.

Plaintiff's only attempt to provide factual support for his information and belief is contained within paragraphs 44 and 54 of the complaint.[9] However, plaintiff's allegation that he spoke with Walgreen pharmacists regarding defendant's alleged practice of "short-filling" prescriptions does not cure the pleading deficiencies noted above. First, plaintiff does not identify any of these employees or explain how they are familiar with defendant's policies or practices in California. Although plaintiff alleges that he spoke with a Walgreen pharmacist from Florida, he does not allege that this individual had personal knowledge of Walgreen's California practices. Nor does plaintiff allege that he and the Florida pharmacist actually discussed Walgreen's California policies or practices.

Second, plaintiff provides no basis for his information and belief that defendant has failed to reimburse Medi–Cal for those portions of "short-filled" prescriptions which were not ultimately dispensed to its customers. (*See* Compl. ¶¶ 49, 56.) From the complaint, it does not appear that Medi–Cal reimbursement is a subject which plaintiff discussed with the Florida pharmacist or any other Walgreen employee. (See Compl. ¶¶ 45, 54.) Thus, plaintiff's reliance on the "corporate fraud exception" to Rule 9(b)'s particularity requirement cannot be sustained.

■■ As an alternative to the corporate fraud exception, plaintiff relies upon the unpublished opinion of *United States ex rel. James Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396 (D.Colo.1992), for the proposition that *qui tam* plaintiffs need not provide the level of detail normally required under Rule 9(b). However, unpublished opinions have "no precedential value and cannot be cited" in the Ninth Circuit. *See Laser Indus., Ltd. v. Reliant Technologies, Inc.*, 167 F.R.D. 417, 425 n. 12 (N.D.Cal.1996). Moreover, numerous courts have applied Rule 9(b)'s particularity requirement, without modification, in addressing a motion to dismiss a *qui tam* complaint under Rule 9(b). *See, e.g., McCoy*, 723 F.Supp. at 1372; *Gold v. Morrison–Knudsen*, 68 F.3d 1475, 1476 (2d Cir.1995) (holding that because the False Claims Act is an anti-fraud statute, the heightened pleading standards of Rule 9(b) apply), *cert. denied*, —— U.S. ——, 116 S.Ct. 1836, 134 L.Ed.2d 939 (1996); *Cooper v. Blue Cross & Blue Shield, Inc.*, 19 F.3d 562, 568 (11th Cir.1994) (per curiam) (applying Rule 9(b) to *qui tam* plaintiff's False Claims Act claims). Thus, plaintiff's contention that a *qui tan* plaintiff need not comply with the pleading requirements of Rule 9(b) cannot be sustained.

Accordingly, the Court finds that plaintiff is unable to successfully oppose defendant's motion for judgment on the pleadings because he has not established (1) that he has pleaded fraud with sufficient particularity under Rule 9(b); or (2) that his complaint is

---

9. Paragraph 44 alleges: "Based upon the work experience of a Walgreen Corporation pharmacist located in Pinellas County, Florida, as related to plaintiff Mueller, Walgreen Corporation prescriptions are typically filled 'short' approximately 6–8% of the time." (Compl. ¶ 44.)

Paragraph 54 alleges: "Based upon conversations with pharmacists employed at Walgreen Corporation, the qui tan plaintiff, Mueller, has learned that typically, at least 50% of all 'short' balances on prescriptions are never picked up by the previously 'shorted' customer." (Compl. ¶ 54.)

subject to an exception from Rule 9(b)'s heightened pleading standard.

### 3. *Plaintiff's Request for Leave to Amend*

■ Plaintiff requests that he be given leave to amend his complaint in the event that the Court finds his pleadings to be deficient under Rule 9(b). Federal Rule of Civil Procedure 15 provides that leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The decision to grant or deny a request for leave to amend rests within the discretion of the trial court. *International Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir.1985). In exercising its discretion, however, this circuit requires that district courts grant leave to amend with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990).

■■ The party opposing the motion for leave to amend bears the burden of demonstrating that a "substantial reason exists to deny leave to amend." *Shipner v. Eastern Air Lines*, 868 F.2d 401, 407 (11th Cir.1989). In assessing whether leave to amend is proper, the Court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." Moore, 885 F.2d at 538. Of these factors, prejudice to the opposing party is the most important. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir.1990) (affirming denial of motion to amend pleading based on grounds of undue prejudice and delay) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31, 91 S.Ct. 795, 802–03, 28 L.Ed.2d 77 (1971)).

■ Although defendant objects to this Court permitting plaintiff to conduct additional discovery,[10] it does not oppose plaintiff's request for leave to amend his complaint *per se.* (*See* Def.'s Reply at 13–15.)

Indeed, defendant has not alleged that plaintiff has acted in bad faith or with a dilatory motive and has failed to demonstrate that it will suffer undue prejudice if plaintiff is permitted to file an amended complaint. Considering that this is plaintiff's first request for leave to amend, and that plaintiff may be able to cure the defects noted in this Order by alleging fraud with greater particularity, the Court finds that no "substantial reason exists to deny leave to amend." *Shipner*, 868 F.2d at 401. Accordingly, plaintiff shall be granted leave to amend his complaint to cure the deficiencies noted in this Order.

### *CONCLUSION*

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for judgment on the pleadings is GRANTED.

2. Plaintiff's request for leave to amend is GRANTED. Plaintiff shall file his First Amended Complaint *by no later than June 16, 1997.* Failure to file a First Amended Complaint by this date may result in dismissal of this action with prejudice. Plaintiff shall serve his First Amended Complaint in accordance with the Federal Rule of Civil Procedure.

3. A further Case Management Conference shall be held on *July 16, 1997 at 3:00 p.m.* At least ten (10) days prior to the conference, the parties shall file an updated Joint Case Management Statement. Failure to timely file such a statement may result in sanctions.

IT IS SO ORDERED.

---

**10.** In his request for leave to amend, plaintiff states that he "also believes discovery is appropriate on [the facts underlying his claim of fraud], as they are in Walgreen's control." (*See* Pl.'s Opp'n at 19, ll. 13–15.) However, because plaintiff has not made a specific motion for further discovery, the Court will not consider this issue at the present time.