

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMMY DESOTO, an individual; GEORGE KOSTY, an individual; STEVE TERRILL, an individual; ANTOINETTE CARDENAS, an individual; DOUGLAS LOVISON, an individual; KATHY FERRIN, an individual, | No. 08-56832 |
| Plaintiffs - Appellants, | D.C. No. 8:08-cv-00514-AHS-MLG |
| and | |
| FRED HOOD, an individual; JOHN SCHUMACHER, as trustee of the Schumacher Family Trust, | MEMORANDUM [*] |
| Plaintiffs, | |
| v. | |
| CHRISTOPHER CONDON, an individual; RICHARD CONDON, an individual; TRAGO LP, a British Virgin Islands limited partnership; FX HOLDINGS INTERNATIONAL LTD, a British Virgin Islands corporation; TRAGO USA, INC., a California corporation; CT HOLDINGS INTERNATIONAL, INC., a Delaware | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

corporation; PULSE ENTERTAINMENT GROUP, L.L.C., a Nevada limited liability company; TRAGO INTERNATIONAL, INC., a Delaware corporation; RUVA INTERNATIONAL, INC., a Nevada corporation.

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, Senior District Judge, Presiding

Argued and Submitted March 4, 2010
Pasadena, California

Before: RYMER, WARDLAW and N.R. SMITH, Circuit Judges.

Tommy Desoto and others who are limited partners of Trago LP, shareholders of Trago International, or creditors of Trago LP (collectively, Desoto) appeal the district court's order dismissing with prejudice their Racketeer Influenced and Corrupt Organizations Act (RICO) claims against Christopher Condon and others (collectively, Condon) for stealing the assets of Trago LP. We affirm.

I

We review a district court's dismissal for failure to state a claim de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "We review the district court's denial of leave to amend the complaint for abuse of discretion." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

II

The district court properly concluded that Desoto lacks RICO standing. Shareholders and limited partners typically lack standing to assert RICO claims where their harm is derivative of their corporation or partnership's harm. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640-41 (9th Cir. 1988). Such plaintiffs can establish standing only by showing an injury "distinct from that to other shareholders" or a special duty between the shareholder and the defendant. *Id.* at 640-41. The gravamen of Desoto's complaint is injury to the Trago entities, so Desoto's injuries are derivative. *See Hamid v. Price Waterhouse*, 51 F.3d 1411, 1420 (9th Cir. 1995) (noting that a creditor's injury is derivative); *see also Jones v. H.F. Ahmanson & Co.*, 460 P.2d 464, 470 (Cal. 1969). Desoto concedes that other limited partners were similarly targeted, excluded, and deprived of their rights to Trago profits, and does not allege that Condon assumed any special duty through

which Desoto can allege standing.  Therefore, Desoto fails to meet either of the

*Sparling* exceptions to the general rule.  *See Sparling*, 864 F.2d at 640-41.[1]


III

Likewise, the district court properly concluded Desoto's second amended

complaint (SAC) fails to plead the RICO predicate acts with sufficient specificity

to satisfy Federal Rule of Civil Procedure 9(b).  Desoto's mail and wire fraud

allegations are vague and conclusory, and fail to "state the time, place, and specific

content of the false representations as well as the identities of the parties to the

misrepresentation."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

1393, 1401 (9th Cir. 1986).  The money laundering allegations fail to allege

whether Condon had the requisite intent to launder funds in furtherance of a RICO

scheme.  The extortion allegations are also conclusory, and fail substantively

because they do not sufficiently allege that Condon's threat to sue was "wrongful."

*See Rothman v. Vedder Park Mgmt.*, 912 F.2d 315, 318 (9th Cir. 1990); *see also*

*Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 939 (9th Cir. 2006) (finding that RICO does

---

[1] Desoto's suggestion on appeal that California law would characterize their claim as direct rather than derivative was undeveloped in district court.  We decline to consider it now.

not proscribe "the sending of prelitigation demand letters asserting legal claims that may be weak but do not rise to the level of shams").[2]


IV

Finally, the district court did not abuse its discretion in denying leave for Desoto to allege RICO predicate acts with greater particularity. Given the generality of the SAC's allegations, even after Desoto had two opportunities to amend the complaint during this litigation, "[t]he district court was well within its discretion in dismissing [Desoto's] claims with prejudice." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1167 (9th Cir. 2009). In light of Desoto's inability to satisfy Rule 9(b), it would have been futile for Desoto to file an amended complaint asserting derivative claims. The district court did not abuse its discretion in denying Desoto leave to do so. *See Gardner*, 563 F.3d at 990. Moreover, the district court's failure to state why it denied leave to amend is not a

---

[2] Desoto argues that Rule 9(b) should be relaxed to permit discovery, but unlike in *Deutsch v. Flannery*, 823 F.2d 1361 (9th Cir. 1987), Desoto has not provided "enough information [for Condon] to frame a responsive pleading," and Condon has not "received precise statements" of the allegedly fraudulent conduct. *See id*. at 1366. Also, Desoto has benefitted, at least to some extent, from discovery conducted in other litigation against Condon.

basis for reversal because its reasons are apparent from the record. *See Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991).

AFFIRMED.