**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELALEUCA, INC., | No. 11-35403 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00553-EJL |
| v. | |
| DARYL HANSEN, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Melaleuca, Inc. appeals from the district court's judgment dismissing its

action alleging federal and state law claims related to unsolicited and misleading

commercial spam email.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo a dismissal on the basis of the doctrine of collateral estoppel.  *McQuillion*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes that this case is suitable for
decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004). We affirm in part, vacate in part, and remand.

The district court properly dismissed Melaleuca's claim under the federal Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act") because the issue of whether Melaleuca had statutory standing to bring this claim was actually litigated in a prior action between the same parties as a critical and necessary part of the judgment in that action. *See id.* (setting forth factors for collateral estoppel to apply under federal law); *see also Deutsch v. Flannery*, 823 F.2d 1361, 1364 (9th Cir. 1987) (collateral estoppel can apply to a dismissal without prejudice if the determination being given preclusive effect was essential to the dismissal). Melaleuca's amendments did not cure its failure to allege that, even standing in the shoes of its assignor, it suffered the type of harm necessary to pursue a CAN-SPAM Act claim. *See Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1048, 1054 (9th Cir. 2009) (type of harm necessary to assert CAN-SPAM Act claims excludes costs incurred by Internet access provider to take reasonable precautions against spam as part of normal operations); *see also Deutsch*, 823 F.3d at 1364-65 (where amendments in a second action render the doctrine of issue preclusion inapplicable, they must be independently examined).

However, Melaleuca's new assertion that the court has diversity jurisdiction

2                                                                    11-35403

over the action under 28 U.S.C. § 1332 was not actually litigated as a critical and necessary part of the judgment in the prior action, and, therefore, should not be given preclusive effect. *See McQuillion*, 369 F.3d at 1096. Accordingly, we vacate only the district court's conclusion that its decision in the prior action to deny Melaleuca leave to allege diversity jurisdiction has preclusive effect on the court's consideration of whether Melaleuca properly invoked diversity jurisdiction over its state law claims in the present action. On remand, the parties should address whether Melaleuca has asserted good faith damages in excess of the federal amount-in-controversy, including based on statutorily available attorney's fees under state law claims to the extent that such claims are not preempted. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998, 1000 (9th Cir. 2007) (explaining different tests that apply to evaluating the amount-in-controversy requirement depending on whether the plaintiff alleges a damages amount, and when statutory attorney's fees can be included in the jurisdictional minimum); *see also Gordon*, 575 F.3d at 1054-64 (discussing when state law claims are preempted under the CAN-SPAM Act).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**