**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ARTHUR CHARLES GALLEGOS, | No. 12-16736 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00444-FJM |
| v. | |
| RONALD REINSTEIN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted February 18, 2014[**]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Arthur Charles Gallegos appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging claims related to unfavorable

judgments by Arizona state and district courts in prior actions regarding his right to

bear arms as a convicted felon. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo the dismissal of an action under both the *Rooker-Feldman* doctrine, *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003), and the doctrine of collateral estoppel, *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Gallegos's claims arising from unfavorable judgments in his actions in Arizona state courts as barred by the *Rooker-Feldman* doctrine because they amounted to a forbidden "de facto appeal" of state court judgments. *Noel*, 341 F.3d at 1163-65; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* bars "state-court losers complaining of injuries caused by state-court judgments" from seeking federal review of those judgments).

Dismissal of Gallegos's claims related to a prior § 1983 action that the Arizona district court dismissed without prejudice was proper under the doctrine of collateral estoppel because the issues raised in these claims had been previously litigated, and were necessary to the prior judgment of dismissal. *See McQuillion*, 369 F.3d at 1096 (a prior decision has preclusive effect if the issues at stake are identical, were actually litigated by the party against whom preclusion is asserted, and were a critical and necessary part of the prior judgment); *Deutsch v. Flannery*,

823 F.2d 1361, 1364 (9th Cir. 1987) (collateral estoppel can apply to a dismissal without prejudice if the determination being accorded preclusive effect was essential to the judgment of dismissal).

The district court did not abuse its discretion by denying Gallegos leave to file an amended complaint because amendment would have been futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (setting forth standard of review and explaining that leave to amend may be denied if the complaint cannot be saved by any amendment).

Gallegos's contentions regarding various abstention doctrines; the allegedly improper denial of his motion to vacate; the alleged violation of his right to obtain de novo review by an Article III judge; and the violation of his constitutional rights related to his no contest plea and resulting felony conviction, are unpersuasive.

Defendant Connell's request to declare Gallegos a vexatious litigant, set forth in his answering brief, is denied.

The remaining defendants' request for judicial notice regarding the dismissal of Gallegos's prior action by the Arizona district court, set forth in their answering brief, is granted.

**AFFIRMED.**