NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLARK COUNTY BANCORPORATION, | No. 19-35097 |
| Plaintiff-Appellant, | D.C. Nos. 3:14-cv-05816-BHS |
| v. | 3:14-cv-05852-BHS |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Bank of Clark County, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted May 5, 2021
Seattle, Washington

Before: BOGGS,** TASHIMA, and MURGUIA, Circuit Judges.

Plaintiff-Appellant Clark County Bancorporation ("CCB") appeals the district

court's grant of Defendant-Appellee Federal Deposit Insurance Corporation as

Receiver for Bank of Clark County's ("FDIC") motion to dismiss or, in the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

alternative, motion for summary judgment. The parties are familiar with the facts, so we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's dismissal, "albeit on different grounds." *See Isabel v. Reagan*, 987 F.3d 1220, 1225–26 (9th Cir. 2021).

CCB initially sued the FDIC in its capacity as receiver, along with several other federal entities and officials, in the United States District Court for the District of Columbia ("D.C. court"). *See Clark Cnty. Bancorporation v. U.S. Dep't of Treasury*, No. 13–632 (JEB), 2014 WL 5140004 (D.D.C. Sept. 19, 2014). The D.C. court determined that CCB had failed to exhaust its administrative remedies under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") with respect to its challenge to the "FDIC-Receiver's actions regarding the tax refunds at issue." *Id.* at *13; *see* 12 U.S.C. § 1821(d). Because CCB "did not timely file claims for refunds . . . through FIRREA's required administrative process," the D.C. court dismissed the claims against the FDIC. *Clark Cnty. Bancorporation*, 2014 WL 5140004 at *15. CCB did not appeal the D.C. court's judgment of dismissal.

The D.C. court's determination that CCB failed to timely exhaust its administrative remedies is entitled to preclusive effect here. *See Deutsch v. Flannery*, 823 F.2d 1361, 1364 (9th Cir. 1987) ("It matters not that the prior action resulted in a dismissal without prejudice, so long as the determination being

2

accorded preclusive effect was essential to the dismissal."). Once the D.C. court determined that it lacked subject matter jurisdiction because CCB failed to timely file a claim with the FDIC, neither CCB's nor the FDIC's subsequent actions re-created subject matter jurisdiction over the same tax-refund claims. *See Intercontinental Travel Mktg., Inc. v. FDIC*, 45 F.3d 1278, 1286 (9th Cir. 1994) (explaining that waiver and estoppel doctrines do not apply to subject matter jurisdiction). Therefore, the district court did not err by granting the FDIC's motion to dismiss.[1]

**AFFIRMED.**

---

[1] Plaintiff-Appellant CCB's motions to take judicial notice (Doc. 15 and Doc. 31) and motion to supplement the record on appeal (Doc. 30) are denied as moot. The substance of these motions pertains to the merits of the tax-refund ownership question, which we do not reach here.